# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

KIMBERLY ABRAM, JOHN ADAMS, )
CAMILLE ADKINS, KENDRA AKERS, )
MARIAN ALEXANDER, TRACY ALLEN, )
VARNICE ALLEN, MELVIN ALLMAN, )
STEPHANIE ALYADUMI, AND LEMONT ) Case No. 4:19-cv-3322
AMOS, JR., )
)
       Plaintiffs, )
)

   v.

TITLEMAX OF MISSOURI, INC.,

       Defendant.

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant TitleMax of Missouri, Inc. ("TitleMax"), through its undersigned counsel, removes this action from the Circuit Court of Jefferson County, Missouri to the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and respectfully states:

    1.    On or about November 6, 2019, Plaintiffs Kimberly Abram, John Adams, Camile Adkins, Kendra Akers, Marian Alexander, Tracy Allen, Varnice Allen, Melvin Allman, Stephanie Alyadumi, and Lemont Amos, Jr. commenced this action against TitleMax by filing a petition in the Circuit Court of Jefferson County, Missouri, Case No. 19JE-CC00803.

    2.    The petition filed on November 6, 2019 represents Plaintiffs' second attempt to avoid a federal forum.  Plaintiffs previously filed a petition against TitleMax on August 9, 2019 asserting the same claims that they now seek to pursue by their present action.  TitleMax removed the action to this Court on September 30, 2019.  After removal, without ever seeking

remand, Plaintiffs filed a notice of voluntary dismissal, then refiled their previously-dismissed claims back in the Circuit Court of Jefferson County, Missouri with some limited revisions of the allegations designed to try to prevent federal court jurisdiction by minimizing the amount in controversy.

3. As more fully discussed below, this case, like the one filed in August 2019, is properly removed to this Court pursuant to 28 U.S.C. § 1441 because TitleMax has satisfied the procedural requirements for removal, and this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

**I.  TitleMax Has Satisfied the Procedural Requirements for Removal**

4. TitleMax first received a copy of the Petition on November 27, 2019, when Plaintiff delivered service of the Petition and summons. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) as it is filed within thirty (30) days after this attempted service of process.

5. The Circuit Court of Jefferson County, Missouri, is located within the Eastern District of Missouri, Eastern Division. Venue is proper in this court pursuant to 28 U.S.C. § 105(a)(1), because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6. Because TitleMax is the only named defendant, no other party is required to consent to this removal.

7. TitleMax removed the initial (August 9) version of the Petition to this Court. Aside from that removal, no previous application has been made for the relief requested herein.

8. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders and other documents served on or directed to Defendant TitleMax, including the original Petition and summons, is attached as Exhibit A.

2

9.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiffs, and a copy will be delivered to the Clerk of the Circuit Court of Jefferson County, Missouri for filing in the state court action.

## II.    Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441

### A.    Diversity of Citizenship

10.    Complete diversity of citizenship exists between Plaintiffs and Defendant within the meaning of 28 U.S.C. §1332(a)(1).

11.    All ten (10) Plaintiffs are alleged to be Missouri residents. Pet. ¶ 8. Plaintiffs do not allege any other states of residence. *Id.* Accordingly, based on Plaintiffs' own allegations, Missouri is the state of citizenship for purposes of diversity jurisdiction for all ten (10) Plaintiffs.

12.    Defendant TitleMax is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Georgia. TitleMax therefore is not a citizen of the State of Missouri for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). *See also* Pet. ¶ 9 (alleging that TitleMax is a Delaware corporation and is not a resident of Missouri).

13.    Based on the citizenship of the parties, diversity is satisfied as this civil action is "between citizens of different States." 28 U.S.C. § 1332(a)(1).

### B.    The Amount-In-Controversy Requirement is Satisfied

14.    Based on the nature of this case and the expansive relief sought, the Plaintiffs' claims exceed the $75,000 jurisdictional amount in controversy for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332.

15.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating*

3

*Co. v. Owens*, 574 U.S. 81, ___, 135 S. Ct. 547, 554 (2014). The notice of removal need not be accompanied by evidence as a short and plain statement is sufficient. *Dart Cherokee*, 135 S. Ct. at 553-54. Under this standard, and without in any way conceding the merits of Plaintiffs' allegations, a fair reading of the Petition demonstrates that the "matter in controversy" exceeds the sum or value of $75,000 for purposes of removal.

16. Plaintiffs allege five counts in their Petition:

- Count I: Private Right of Action under Chapter 367
- Count II: Chapter 408 Violations
- Count III: UCC Violations
- Count IV: Breach of Title Loan Agreement
- Count V: Breach of Arbitration Agreement

17. These five counts are accompanied by Plaintiffs' request for compensatory damages, punitive damages, statutory attorneys' fees, "[o]ther uncertain and hard-to-quantify actual damages[,]" damages for defamation, slander, libel, invasion of privacy, fees, costs, and damage to credit. Pet. ¶¶ 12-13, 28, 32, 45-47, 58-59, 66, Prayer for Relief, 12.

18. Plaintiffs also seek damages for "loss of the vehicle (and all improvements made to the vehicle), cost of insurance premiums, expenses and labor by each plaintiff and others on their behalf directly related to coping with the repossession, the value of each plaintiff's efforts and others to cover for problems caused by the lack of a car, loss of use of the vehicle, inconvenience, aggravation, embarrassment, frustration, humiliation, and emotional distress." Pet. ¶ 66.

19. Plaintiffs' request for statutory attorneys' fees against TitleMax (Pet. ¶ 46) is included in calculating the amount in controversy. *Peterson v. Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017); *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781-82 (8th Cir. 2009).

20. Plaintiffs' demand for punitive damages (Pet. ¶¶ 28, 47) is also properly included in determining whether the $75,000 jurisdictional amount is met. *OnePoint Solutions, LLC v. Borchert,* 486 F.3d 342, 348 (8th Cir. 2007); *Commercial Coverage, Inc. v. Paradigm Ins. Co.*, 998 F. Supp. 1088, 1091 (E.D. Mo. 1998); *Abernathy v. Bank of Am., N.A.*, No. 09-CV-134, 2009 WL 702785, at *2 (E.D. Mo. Mar. 16, 2009).

21. The Petition also seeks an adjudication on behalf of each Plaintiff that their loan agreement with TitleMax is "void" as to both the agreement and the "disposition of each plaintiff's consumer property." Pet. ¶¶ 1, 24, 26-27, 44, 58.

22. Plaintiffs have revised the Petition from its initial iteration so that it does not explicitly seek declaratory and injunctive relief against TitleMax. But, Plaintiffs continue to effectively seek such relief based on their request that the Court void each and every loan agreement. Doing so would invalidate TitleMax's Missouri customer loan agreements and prohibit TitleMax from engaging in its state-licensed consumer-installment-loan business in Missouri. The amount in controversy based upon such a sweeping equitable claim alone far exceeds $75,000. *See Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977) (establishing that injunctive relief is measured by the "value of the object of the litigation" for amount-in-controversy purposes); *cf. also Snyder v. Harris*, 394 U.S. 332, 335, 341 (1969) (recognizing that aggregation of claims is appropriate where claims are joint and common or two or more plaintiffs "unite to enforce a single . . . right in which they have a common and undivided interest.").

5

23. Viewed in isolation, the nature of the relief sought in Plaintiffs' Petition places the amount in controversy above $75,000. Under the circumstances, however, any doubts about the amount in controversy should be resolved based on a fully-informed and comprehensive understanding of the Plaintiffs' claims. This lawsuit cannot be viewed in isolation. *See id.* It is one of ten lawsuits (each with ten plaintiffs) filed in the Circuit Court of Jefferson County, Missouri on the same date (November 6, 2019), and served on TitleMax on the same date (November 27, 2019), by the same counsel. As indicated on the Original Filing Forms accompanying the other nine Notices of Removal, this "same cause, or a substantially equivalent complaint" has been filed in this Court a total of ten times based on the removal of this lawsuit. The other nine petitions are identical based on the claims asserted and the relief sought. The only distinction is that ten different plaintiffs are named in each petition to pursue the identical claims and relief.

24. This lawsuit also cannot be fully considered without taking the relief sought in Plaintiffs' August 2019 Petition into account, as well as the forum-shopping efforts represented by the revised Petition.

25. The amount in controversy for purposes of diversity jurisdiction is examined by "looking through to 'the entire, actual controversy between the parties, as they have framed it.'" *CMH Homes, Inc. v. Goodner*, 729 F.3d 832, 836-38 (8th Cir. 2013) (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009)). The Eighth Circuit has instructed that a court's focus is not limited to the individual claims at issue. *CHM Homes*, 729 F.3d at 838. The court instead looks to the "'full-bodied[,]'" or the "entire, actual controversy" between the parties. *CMH Homes*, 729 F.3d at 838 (quoting *Vaden*, 556 U.S. at 68 n.16).

6

26. Pursuant to *CMH Homes*, this controversy, at a minimum, involves all 100 plaintiffs in all ten lawsuits, even though they are not parties in the same lawsuit. *See CMH Homes*, 729 F.3d at 838. It also properly involves all potential plaintiffs in this controversy against TitleMax. Based on Plaintiffs' counsels' contentions about their additional client list, the plaintiffs could number in excess of 800. And, that number could be much higher if TitleMax's other consumer installment loan agreement customers are considered. As such, this dispute undoubtedly exceeds the $75,000 jurisdictional threshold and is "'sufficiently important to warrant federal-court attention.'" *CMH Homes*, 729 F.3d at 837 (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 562 (2005)).

27. Plaintiffs' efforts to manipulate this Court's removal jurisdiction were present in the August 2019 Petition, which alleged that each plaintiff has a "separate and distinct claim" and no plaintiff "seeks more than $75,000." August 2019 Pet. ¶¶ 12-13. But, as explained in TitleMax's original, September 30, 2019 papers removing this action,[1] their efforts were ineffective to avoid diversity jurisdiction. Indeed, Plaintiffs implicitly conceded the point by not seeking remand, and instead embarking on a convoluted procedural path to amend their Petition by means of dismissal and refiling.

28. This time around, Plaintiffs expand on their manipulative efforts; but still do so ineffectively to avoid diversity jurisdiction: Plaintiffs now say that "[e]ach Plaintiff seeks $50,000" (Pet. 13); yet, they immediately expose that that number is illusory by juxtaposing it against a contradictory neighboring allegation that "the amount of damages claimed in this action by each plaintiff is and will forever be less than ***$75,000*** exclusive of interest and costs." Pet. ¶

---

[1] *See* Def.'s Notice of Removal, No. 19-cv-02667, ECF No. 1 (filed September 30, 2019), which is hereby incorporated by reference as though set forth fully herein.

7

12 (emphasis supplied). Moreover, while Plaintiffs feign willingness to have the court place "an irrevocable cap on the amount of damages that may be awarded to each plaintiff, so that no plaintiff may recover more than $75,000, exclusive of interest and costs," they have not stipulated to any such cap on their damage recovery. *Id.* And, further, they have done nothing whatsoever to even suggest any limitation on their requests for attorneys' fees and punitive damages. *See* Pet. ¶¶12, 28, 46-47.

29.     Accordingly, Plaintiffs' efforts to evade this Court's jurisdiction by their amended damages allegations are insufficient to defeat removal jurisdiction. *See, e.g.*, *Miller v. CEVA Logistics*, No. 07-0644, 2008 WL 130847, at *2 (W.D. Mo. Jan. 10, 2008); *Schmidt v. Flesch*, No. 05-CV-1498, 2006 WL 1026952, at *2 (E.D. Mo. Apr. 13, 2006). In addition, because the amount in controversy is measured at the time of removal, Plaintiffs are now precluded from further machinations to limit the recovery they seek to bring it under the jurisdictional amount. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291, 293 (1938); *Westhoff v. Rebashares Dev. Co.*, No. 07-CV-86, 2007 WL 1395458, at *2 (E.D. Mo. May 9, 2007).[2]

---

[2] Under these authorities, and based on Plaintiffs' manipulative efforts to evade this Court's removal jurisdiction, the Court would be warranted in measuring the amount in controversy at the time the August 2019 Petition was removed. *See, e.g., McGowan v. Hartford Fire Ins. Co.*, No. 11-CV-1669, 2012 WL 3038532, at *1 (E.D. Mo. July 25, 2012) (holding that removal jurisdiction is judged based on the record at the time of removal to federal court); *see also Connolly v. Union Pac. R.R. Co.*, 453 F. Supp. 2d 1104, 1109 (E.D. Mo. 2006) (recognizing that a plaintiff's artful pleading cannot prevent removal to federal court). *Cf. also Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1214-15 (8th Cir. 2011) (in holding that the district court improperly granted the plaintiff's motion to voluntarily dismiss under FRCP 41(a)(2) without considering whether the intent was to destroy removal jurisdiction, noting that the Eighth Circuit has "repeatedly stated that it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum" and quoting longstanding precedent articulated by the Court that, "[a]s the right to remove an action which falls within the jurisdiction of the federal courts is a substantial right, the federal courts ... should be astute not to permit devices to become successful which are used for the very purpose of destroying that right."). Plaintiffs' voluntary-dismissal tactic has had the same practical effect as a post-removal amendment, and should therefore be judged under the post-removal-amendment rule. Regardless, as discussed in

8

30. Whether measured by each individual plaintiff, the aggregated plaintiffs in each suit, the aggregated plaintiffs in all ten filed suits, or (as is most appropriate) the aggregated plaintiffs in all potential suits, this litigation exceeds the jurisdiction threshold.  Indeed, rather than seeking individual relief (let alone any 'capped' individual relief), this Petition continues to challenge TitleMax's entire consumer-installment-loan business structure (Pet. ¶¶ 1, 23, 27-28, 44, 58).  This sweeping, all-encompassing, challenge to not just a single loan, but to potentially every TitleMax consumer installment loan made in Missouri, further establishes that the amount in controversy exceeds the $75,000 jurisdictional amount.  *See, e.g., Martin v. Delaware Title Loans, Inc.*, No. 08-3322, 2008 WL 4443021, at *2 (E.D. Pa. Oct. 1, 2008) (denying motion to remand in single-plaintiff case challenging automobile-secured loan based on actual value of broad-based declaratory and injunctive relief sought by the plaintiff).

### III.    Reservation of Rights

31. Defendant TitleMax denies the allegations in the Petition and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that exist in TitleMax's favor in either federal or state court.  In particular, but without limitation, TitleMax reserves all rights and defenses that exist under Rule 12(b) of the Federal Rules of Civil Procedure, all arbitration agreements and rights, all other contractual rights, and all rights and defenses under case law, statutes, and any other rules or regulations that apply to the consumer installment loan agreements at issue.

---

this Notice of Removal, the amount-in-controversy requirement is met when measured under the current version of the Petition, or the August 2019 version of the Petition.  *See also* Def.'s Notice of Removal, No. 19-cv-02667, ECF No. 1 (filed September 30, 2019) (incorporated herein by reference, and establishing removal jurisdiction over August 2019 Petition).

32. In addition, by filing this Notice of Removal, Defendant TitleMax does not concede that (1) the allegations in the Petition are accurate, (2) Plaintiffs have asserted any claims upon which relief can be granted, (3) this lawsuit should be resolved in a federal or state court as opposed to arbitration, or (4) any of the relief or amounts sought is lawful or appropriate.

33. TitleMax submits that this Notice of Removal sets forth the required short and plain statement needed to support removal. *See Dart Cherokee*, 135 S. Ct. at 551 (citing 28 U.S.C. § 1446(a)). Defendant TitleMax nevertheless reserves the right to amend or supplement this Notice of Removal, or make any necessary evidentiary submissions in support of the removal of this lawsuit to federal court.

**IV. Conclusion**

34. Based on the foregoing, Defendant TitleMax respectfully removes this action from the Circuit Court of Jefferson County, Missouri, Case No. 19JE-CC00803, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated:  December 24, 2019    Respectfully submitted,

**BERKOWITZ OLIVER LLP**

By: /s/ Anthony J. Durone
    Anthony J. Durone, MO Bar # 43872
    Email: adurone@berkowitzoliver.com
    Stacey R. Gilman, MO Bar # 55690
    Email: sgilman@berkowitzoliver.com
    2600 Grand Boulevard, Suite 1200
    Kansas City, Missouri  64108
    Telephone:   (816) 561-7007
    Facsimile:    (816) 561-1888

**Attorneys for Defendant TitleMax of Missouri, Inc.**

11

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 24th day of December 2019, the foregoing was electronically filed with the clerk of the court by using the CM/ECF system and a copy was electronically mailed to the following:

> James G. Onder
> Martin L. Daesch
> Jesse B. Rochman
> OnderLaw, LLC
> 110 E. Lockwood Ave.
> St. Louis, Missouri 63119
>
> **Attorneys for Plaintiffs**

      /s/ Anthony J. Durone
      **Attorney for Defendant**